# COURT OF APPEALS OF VIRGINIA

## Record No. 1583-24-4

NATHAN DAVIS

v.

COMMONWEALTH OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Annunziata
Argued at Alexandria, Virginia

Opinion Issued June 30, 2026[*]

### FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Meghan Shapiro (Law Office of Meghan Shapiro, on briefs), for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S. Miyares,[1] Attorney General, on brief), for appellee.

### MEMORANDUM OPINION BY
### JUDGE FRANK K. FRIEDMAN

This case involves a prisoner's motion to have his state sentence suspended following his release from federal custody and his transfer to the Virginia Department of Corrections (VDOC). After the trial court granted appellant Nathan Antonio Davis' motion to reconsider and suspended the unserved balance of his sentence, VDOC moved to vacate the court's release order and stay its enforcement. VDOC argued that, under Code § 19.2-303, the order was void for want of jurisdiction because the court did not issue a final judgment within 60 days from when Davis was transferred to VDOC's custody. Acknowledging this Court's ruling in *Abanda*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

*v. Commonwealth*, 81 Va. App. 354 (2024) (per curiam), the trial court agreed with VDOC and vacated its order. Davis appeals.

BACKGROUND

In January 2007, the trial court convicted Davis of possessing a controlled substance with intent to distribute, possession of a firearm while possessing a controlled substance with intent to distribute, and child abuse. It sentenced him to 10 years and 30 days of incarceration, with 4 years suspended. Davis was released from VDOC in July 2014 and began supervised probation.

In May 2016, Davis was arrested by the Bureau of Alcohol, Tobacco, and Firearms and taken into federal custody. In January 2017, he pleaded guilty to conspiracy charges related to cocaine distribution and weapons possession. He was sentenced for his federal convictions in December 2017. Around the same time, he was summoned to appear in the trial court for a revocation hearing. Davis conceded the violation of the conditions of his suspended sentence; the trial court revoked the suspended sentence and imposed the balance of his previously suspended sentence.

On October 23, 2023, Davis concluded his federal incarceration and was transferred to VDOC to begin serving the rest of his previously suspended sentence. On December 8, 2023, Davis moved the trial court to resuspend the unserved portion of that sentence. Davis noted in his written motion that, under Code § 19.2-303, the trial court retained "jurisdiction over this matter only until December 22, 2023" and requested an emergency hearing.

On December 11, 2023, the trial court granted Davis' request and set the matter for a hearing on February 2, 2024. Davis did not object to this schedule. On January 25, 2024, at Davis' request, the trial court continued the hearing until March 15, 2024. Then on March 15,

the trial court, by its own motion, continued the hearing to allow "the Attorney General of the Commonwealth of Virginia to be heard on the matter regarding jurisdiction."

The trial court found that, under Code § 19.2-303, it had jurisdiction to consider Davis' motion to reconsider his sentence because he had filed his motion within the statute's 60-day period, and the trial court had "exercised" its "jurisdiction by order entered on December 11, 2023, to transport him" for a hearing on his motion. The trial court heard Davis' motion on July 3, 2024. At the hearing, the attorney for the Commonwealth did not "object to the [trial c]ourt re-suspending . . . the balance of his time." The trial court granted Davis' motion to reconsider and suspended the remaining unserved balance of his sentence.

The trial court ordered Davis to be released from VDOC on July 8, 2024. Three days later, VDOC moved to vacate the release order and stay its enforcement, arguing that the release order was void for want of jurisdiction. The trial court stayed enforcement of the release order until it had an opportunity to rule on VDOC's motion to vacate.

At the hearing on VDOC's motion, counsel for the Commonwealth argued that Code § 19.2-303 requires a trial court to issue a final judgment on a prisoner's motion to reconsider within 60 days of that prisoner being transferred to the custody of VDOC. Because Davis was transferred to VDOC's custody on October 23, 2023, VDOC asserted that the trial court no longer had jurisdiction to rule on Davis's motion to reconsider when it suspended his remaining sentence and entered the release order. The trial court was not "persuaded that [its] ruling" was void and it upheld its determination on the merits of Davis' motion. The next day, however, this Court issued its opinion in *Abanda v. Commonwealth*, 81 Va. App. 354. There, the Court reversed a trial court's judgment on the merits of the appellant's sentence-modification motion because the trial court had not acted on that motion within 60 days from the appellant's transfer to VDOC. *Id.* at 362. Acknowledging *Abanda*, the trial court here ruled that its "basis for

- 3 -

granting Davis['] reconsideration of his sentence was erroneous" and vacated the release order for lack of jurisdiction. This appeal followed.

ANALYSIS

I. Standard of Review

Whether a court has jurisdiction is a question of law reviewed de novo. *Ashland, LLC v. Va.-Am. Water Co.*, 301 Va. 362, 368 (2022). Constitutional issues and questions of statutory construction are also reviewed de novo. *Huguely v. Commonwealth*, 63 Va. App. 92, 106-07 (2014); *Harris v. Commonwealth*, 85 Va. App. 497, 503 (2025).

II. The Trial Court Lacked Jurisdiction to Suspend Davis' Sentence

Code § 19.2-303 states, in relevant part:

> If a person has been sentenced for a felony to the Department of Corrections (the Department), the court that heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence.

In *Abanda v. Commonwealth*, 81 Va. App. 354, this Court was tasked with interpreting the "60 days" provision, which was added in a 2021 amendment to § 19.2-303. The appellant argued that although the trial court did not rule on his motion to reconsider until after the 60-day period had lapsed, it still had jurisdiction because he *filed* his motion on the 59th day after his transfer to VDOC. *Abanda*, 81 Va. App. at 357-58. Consistent with earlier precedent, this Court disagreed, holding that "the operative date . . . is when the court makes its ruling, not when the motion is filed." *Id.* at 361 (alteration in original) (quoting *Stokes v. Commonwealth*, 61 Va. App. 388, 395 (2013)). And because the portion of § 19.2-303 at issue there (and here) is an

- 4 -

exception to the 21-day period specified in Rule 1:1,[2] "the trial court loses jurisdiction to modify the sentence once the deadline passes by which the trial court must act." *Id.* "In short, if the trial court fails to act on the sentence-modification motion by the 60th day from the defendant's transfer to [VDOC], the court loses jurisdiction to act on the motion." *Id.* at 362.

It is undisputed that the trial court here did not rule on Davis' motion until more than six months after he was transferred to VDOC. Accordingly, this case is controlled by *Abanda* and the trial court correctly found that it lacked jurisdiction to act on Davis' motion.

A. Subject Matter Jurisdiction vs. Active Jurisdiction, and Rule 1:1

Davis makes several arguments in an attempt to distinguish this case from *Abanda*. He first argues that the trial court retained subject matter jurisdiction after the 60-day period ran, so the only question is whether it also retained *active* jurisdiction.[3] He then claims that unlike in *Abanda*, the trial court did have active jurisdiction here because Davis, the Commonwealth's Attorney, and the trial court itself all "agreed" to an extension of the court's active jurisdiction.[4]

Davis relies on *Cilwa v. Commonwealth*, 298 Va. 259 (2019), for the proposition that the parties can choose to extend active-jurisdiction deadlines so long as the court agrees. There, the Supreme Court held that because neither of the deadlines specified in Code §§ 19.2-304 and -306

---

[2] "All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a).

[3] Although there remains some uncertainty on this question, *see, e.g.*, *Qureshi v. Mahmood*, No. 0616-20-2, slip op. at 7 n.2 (Va. Ct. App. Apr. 27, 2021), we assume without deciding that neither the expiration of Rule 1:1's 21-day period, nor the expiration of Code § 19.2-303's 60-day period deprives a court of subject matter jurisdiction.

[4] The distinction between subject matter jurisdiction and active jurisdiction is often crucial because an order entered by a court without subject matter jurisdiction is void ab initio, while an order entered by a court without active jurisdiction is merely voidable. *See Hannah v. Commonwealth*, 303 Va. 109, 123 (2024). An order that is void ab initio is a "legal nullity . . . binding no one." *Id.* at 119. A voidable order, on the other hand, remains binding on the parties until it is "overturned or otherwise vacated." *Id.* at 123.

implicates a court's subject matter jurisdiction, "the parties are free to extend these deadlines, with the trial court's concurrence, even after their expiration." *Cilwa*, 298 Va at 270.

To be sure, *Cilwa* authorized the extension of active-jurisdiction deadlines in general. *See id.* ("Defects in active jurisdiction can be waived . . . ."). But it said nothing about Code § 19.2-303. (In fact, it was decided before the 2021 amendment that added the 60-day provision at issue here.) Meanwhile, those cases that have addressed § 19.2-303 have instructed that it "extends" the 21-day period and that it ought to be "read in conjunction with Rule 1:1." *See, e.g.*, *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023); *Stokes*, 61 Va. App. at 394; *Abanda*, 81 Va. App. at 360; *see also Harris v. Commonwealth*, 57 Va. App. 205, 211 (2010) (describing Code § 19.2-303 as a "statutory exception" to Rule 1:1). And that makes a big difference in our jurisdictional analysis.

Unlike the deadlines in *Cilwa*, the 21-day period under Rule 1:1 is "*mandatory* in order to assure the certainty and stability that the finality of judgments brings." *Super Fresh Food Mkts. v. Ruffin*, 263 Va. 555, 563 (2002) (emphasis added); *see also Weese v. Commonwealth*, 30 Va. App. 484, 493 (1999) (holding that "[t]he Commonwealth and defendant could not by agreement extend" the 21-day period under Rule 1:1); *Harris*, 85 Va. App. at 500 ("[I]f a defendant timely moves for a sentence modification under Code § 19.2-303, but the trial court fails to rule within the same time period, the trial court loses *all* jurisdiction to act on the motion." (emphasis added)).

We discussed Rule 1:1's unique status in *Cabral v. Cabral*, 62 Va. App. 600 (2013), which was cited favorably in *Cilwa*. There, we explained:

> [W]e treat orders in violation of Rule 1:1 as "void ab initio." *Burrell v. Commonwealth*, 283 Va. 474, 480 (2012). We do so not because the court issuing the order acted outside its subject-matter jurisdiction but because "the mode of procedure used by the court was one that the court 'could not lawfully adopt.'" *Kelley*[ *v. Stamos*], 285 Va. [68,] 75 [(2013)] (quoting *Singh v. Mooney*, 261

> Va. 48, 51-52 (2001)).  This is simply another way of saying that,
> at some point, an unlawful exercise of judicial power becomes so
> palpable that it can be considered void *ab initio* and challenged by
> anybody in any forum at any time.  While very few judicial orders
> deserve this disapprobation, a violation of Rule 1:1 is one of them.

*Cabral*, 62 Va. App. at 608 (footnote omitted); *see also Akers v. Commonwealth*, 298 Va. 448, 452 (2020) (holding that "[a] trial court is divested of jurisdiction after the passage of 21 days," so "[a]n order entered in violation of Rule 1:1 is void").

In sum, because an order entered in violation of Rule 1:1 is void ab initio, and because the 60-day period under § 19.2-303 is simply an extension of Rule 1:1's 21-day period, an order entered more than 60 days after transfer to VDOC in violation of § 19.2-303 is likewise void ab initio.  *See Stokes*, 61 Va. App. at 394 (explaining that § 19.2-303 ought to be "read in conjunction with Rule 1:1").  So here, the trial court lacked jurisdiction when it entered the order suspending the remainder of Davis' sentence more than six months after his transfer to VDOC. The court was thus correct to vacate its order.

B.  *Abanda* Controls Here

Davis' additional efforts to distinguish this case from *Abanda* are unsuccessful.  Davis points out that unlike in *Abanda*, the trial court here "accepted jurisdiction" by docketing Davis' motion and ordering his transport within the 60-day period.  But *Abanda* did not say that the operative date is when the court dockets the motion or when it orders the defendant's transport. It said that the operative date is "when the court makes its ruling." *Abanda*, 81 Va. App. at 361 (quoting *Stokes*, 61 Va. App. at 395).  Moreover, in the Rule 1:1 context, "[n]either the filing of . . . post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period." *Super Fresh Food Mkts.*, 263 Va. at 560.

Code § 19.2-303 is an "exten[sion]" of Rule 1:1's 21-day period, so the same principle applies.[5] *See Dobson*, 76 Va. App. at 529.

Finally, Davis argues that the trial court here had active jurisdiction because Davis was, at the time of the court's ruling, in the custody of the local sheriff's office, not VDOC. Because he would later be transferred back to VDOC, he contends that the court in fact ruled "before [he was] transferred to the Department." This argument would be compelling had Davis not already been transferred to VDOC custody on October 23, 2023, before being transported to the local jail on December 11, 2023. But because he concedes that he had previously been transferred to VDOC, Davis is essentially arguing that the 60-day clock must restart every time a prisoner is transported from VDOC custody. But nothing in the text of Code § 19.2-303 suggests such a strange rule; it does not, for instance, say that the court loses jurisdiction only after the defendant is in VDOC custody for 60 consecutive days. Rather, it "establishes an absolute event, i.e., a transfer to [VDOC]," 60 days after which "a trial court can no longer modify a sentence." *Stokes*, 61 Va. App. at 394. Davis' contrary interpretation would unsettle our precedent surrounding Code § 19.2-303 and would delay indefinitely "the certainty and stability that the finality of judgments brings." *Super Fresh Food Mkts.*, 263 Va. at 563.

*Abanda* controls this case. Because the trial court did not rule on Davis' motion to reconsider until well after 60 days from when Davis was transferred to VDOC custody, it lacked jurisdiction to suspend his sentence and its order doing so was void.

---

[5] Of course, Code § 19.2-303 is not identical to Rule 1:1. While Rule 1:1 allows trial courts to pause the 21-day clock by modifying, vacating, or suspending their judgments, nothing in Code § 19.2-303 appears to allow courts to pause the 60-day clock once a defendant has been transferred to VDOC custody.

III. Davis Was Afforded an Opportunity to be Heard

Davis also challenges Code § 19.2-303 under the Virginia and U.S. Constitutions. He first claims that he was denied access to the trial court and the opportunity to be heard. "A fundamental requirement of due process is 'the opportunity to be heard.'" *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)); *see also Boyle v. Anderson*, 301 Va. 52, 56 (2022) ("Access to the courts to seek legal redress is a constitutional right."). But "due process requires only that . . . the *opportunity* for a hearing must be provided, not that the party must 'actually have a hearing on the merits.'" *Blinder, Robinson & Co. v. State Corp. Comm'n*, 227 Va. 24, 28 (1984) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)).

Here, Davis was afforded the opportunity to be heard under Code § 19.2-303. He had 60 days from his transfer to VDOC to file a motion and obtain a ruling from the trial court. He was—as his own motion flatly stated—aware that the trial court had "jurisdiction over th[e] matter only until December 22, 2023, pursuant to § 19.2-303." When the trial court scheduled his hearing for February 2, 2024, he neither objected nor asked for an earlier hearing. Davis, himself, then requested that the court continue the hearing until March 15, 2024. He cannot now complain that he was deprived of an opportunity to be heard when he knowingly failed to obtain a ruling within the requisite period, which he had expressly called to the trial court's attention. *See Ruff v. Commonwealth*, 73 Va. App. 405, 413 n.3 (2021) ("It is well settled that '[n]o litigant, even a defendant in a criminal case, will be permitted . . . to take advantage of the situation created by his own wrong.'" (first alteration in original) (quoting *Fisher v. Commonwealth*, 236 Va. 403, 417 (1998))). True, *Abanda* was not published until July 23, 2024, so neither Davis nor the trial court had the advantage of its explication of Code § 19.2-303 when Davis filed his motion to reconsider. But *Abanda* merely explained and applied existing

- 9 -

statutory law; it did not make any new rules.  Thus, Davis' failure to obtain a ruling within 60 days does not amount to a violation of his constitutional rights.

Finally, Davis challenges Code § 19.2-303 on equal protection and due process grounds. He posits that there could be a situation in which a defendant who files a motion to reconsider in a court with a lighter docket can obtain a ruling within 60 days while another defendant who files a similar motion in a court with a busier docket cannot.  He also argues that his indigency "appears to have played a role" here because had he been able to retain counsel, he may have been able to file his motion sooner.

Although we are not unsympathetic to Davis' concerns about fairness,[6] he is unable to point to any facts in the record to demonstrate that his constitutional rights were violated.  *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-40 (1985))).

Davis was not deprived of his constitutional rights.  He was given an opportunity to be heard, but he failed to obtain a ruling within 60 days.  Consequently, under *Abanda*, the trial court lacked jurisdiction to act on his motion, and it was correct to vacate its order.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

[6] Indeed, this Court recognized the potential for inequity in this statute more than 13 years ago in *Stokes*, 61 Va. App. at 398.  But it held then, and we repeat today, that "[a]ny potential unfairness or inequity arising from this statute, as well may be the case here, must be resolved by the legislature, not the judiciary."  *Id.*  "We can only administer the law as it is written."  *Coalter v. Bargamin*, 99 Va. 65, 71 (1901).

- 10 -